IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE BARRON, 01805-180, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:08-CV-668-K |
| | ) | ECF |
| DAVID BERKEBILE, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows.

**A. Nature of Action**

Petitioner is a prisoner currently incarcerated in the Federal Correctional Institution (FCI) located in Seagoville, Texas. He brings this habeas action pursuant to 28 U.S.C. § 2241. David Berkebile is the Warden of FCI Seagoville.

**B. Statement of the Case**

On November 17, 2005, Petitioner was sentenced in the United States District Court for the Northern District of Alabama to a sixty month term for possession with intent to distribute 500 grams or more of a mixture and substance containing cocaine hydrochloride, in violation of 21 U.S.C. § 841.

During his incarceration, Petitioner successfully completed the BOP's Residential Drug Abuse Program ("RDAP"). Prisoners who complete the RDAP may be granted a reduction in

their term of incarceration pursuant to 18 U.S.C. § 3621(e)(2)(B).[1] After completion of the treatment program, however, the BOP notified Petitioner that he was not eligible for early release because he had received the early release benefit on a previous sentence.[2]

Petitioner argues that § 3621(e)(B), and its implementing regulations at 28 C.F.R. § 550.58, do not exclude him from receiving a sentence reduction on his current sentence. He argues that BOP Program Statement ("PS") 5331.01, which states that inmates are excluded from receiving the early release benefit on a second sentence, is invalid under the Administrative Procedures Act ("APA"). He asks the Court to invalidate PS 5331.01 and order the BOP to grant him early release under § 3621(e)(2)(B).

**C. Discussion**

Petitioner is challenging the execution of his sentence. His habeas petition is therefore properly brought pursuant to 28 U.S.C. § 2241. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

**1.      Section 3621(e)(2)(B)**

In 1990, Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Crime Control Act of 1990, Pub. L. 101-647, § 2903, 104 Stat. 4789, 4913,

---

[1]Title 18 U.S.C. § 3621(e)(2)(B) states:
> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

[2]On April 27, 2000, Petitioner was convicted in the United States District Court for the Western District of Texas of conspiring to launder monetary instruments in violation of 18 U.S.C. § 1956. He was sentenced to 57 months confinement and three years supervised release. Petitioner successfully completed the RDAP during this incarceration and the BOP granted him a ten month reduction in his sentence.

*codified as amended at* 18 U.S.C. § 3621(b).  Four years later, Congress amended the statute to provide an incentive for prisoner participation.  The incentive provision at 18 U.S.C. § 3621(e)(2)(B) reads:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

Congress did not define the eligibility criteria for early release consideration upon completing the substance abuse treatment program.  On December 22, 2000, after notice and comment, the BOP promulgated final regulations regarding early release.  *See* 28 C.F.R. § 550.58.  The regulations state, in part, that:

> An inmate who has successfully completed a Bureau of Prisons residential drug abuse treatment program on or after October 1, 1989 is otherwise eligible [for early release] if:
>
> (I)   the inmate completes all applicable transitional services programs in a community-based program (i.e., in a Community Corrections Center or on home confinement); and
>
> (ii)  since completion of the program, the inmate has not been found to have committed a 100 level prohibited act and has not been found to have committed a prohibited act involving alcohol or drugs.

*Id.* at § 550.58(a)(3)(I) & (ii).

Title 28 C.F.R. § 550.58 also categorically denies § 3621(e)(2)(B) early release to the following groups of inmates, even if an inmate otherwise meets eligibility criteria: (1) INS detainees; (2) pretrial inmates; (3) contractual borders (for example D.C., State, or military inmates); (4) inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, aggravated assault, or child sexual abuse offense; (5) inmates who are not eligible

for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion; and (6) inmates whose current offense is a certain type of felony. *Id*. at § 550.58(a)(1)(i)-(vi)(A-D).[3]

The regulations at 28 C.F.R. § 550.58 do not address whether an inmate may receive a sentence reduction if he has previously been credited with a reduction under § 3621(e)(2)(B) on another sentence. On September 29, 2003, the BOP issued PS 5331.01, entitled Early Release Procedures Under 18 U.S.C. § 3621(e). The purpose of the program statement "is to establish criteria and procedures when considering an inmate for early release." P.S. 5331.01 at 1. The program statement sets forth the categories of inmates that are not eligible for early release. It includes the same categories as set forth in 28 C.F.R. § 550.58(a)(1)(I)-(vi)(A-D). It also, however, adds the provision that inmates cannot receive early release credit if they received this credit on a prior sentence. PS 5331.01 states in part:

> Inmates may earn an early release for successful RDAP completion only once. Inmates returning on supervised release violations and/or inmates who are sentenced for new offenses are not eligible for early release if they received it previously.

Petitioner argues that PS 5331.01 violates the APA because it is arbitrary, capricious and an abuse of discretion. He states that 28 C.F.R. § 550.58 does not contain this exclusion for inmates who previously received early release credit, that PS 5331.01 is an improper construction of the statute, and that it is entitled to no deference from this Court under *Chevron*

---

[3] On February 20, 2008, the Ninth Circuit Court of Appeals found the BOP's final rule at 28 C.F.R. § 550.58(a)(vi)(B) invalid as arbitrary and capricious under § 706(2)(A) of the APA because the BOP failed to "articulate a rationale for its categorical exclusion of a class of nonviolent offenders from eligibility for early release." *See Arrington v. Daniels*, 516 F.3d 1106, 116 (9th Cir. 2008). The Fifth Circuit has not addressed this issue.

*U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984).[4]

**2.    APA**

Under § 3621(e)(2)(B), the BOP has the statutory authority to categorically exclude inmates from being considered for early release. *See Lopez v. Davis*, 531 U.S. 230, 240 (2001). In exercising its discretion, however, the BOP must comply with the requirements of the APA, including the APA's procedural requirements. *Id*. at 240; *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 303 (1979) (finding that agency promulgation of regulations "must conform with any procedural requirements imposed by Congress. For agency discretion is limited not only by substantive, statutory grants of authority, but also by the procedural requirements" of the APA) (citations omitted).

Under the APA, a reviewing court must set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Tourus Records, Inc. v. Drug Enforcement Admin*., 259 F.3d 731, 736 (D.C. Cir. 2001). Further, the APA requires that agencies must provide notice of proposed rules in the Federal Register and must provide an opportunity for interested persons to submit comments. 5 U.S.C. § 553(b), (c); *Phillips Petroleum Co. v. Johnson*, 22 F.3d 616, 619 (5th Cir. 1994). When regulations are properly enacted, they have the force and effect of law. *Chrysler Corp*., 441 U.S. at 303.

When the BOP issued its requirement that an inmate cannot be considered for early

---

[4]The petition does not appear to assert a constitutional claim. In any event, a petitioner has no constitutional right to receive early release under 18 U.S.C. § 3621(e)(2)(B). *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007).

5

release credit under § 3621(e)(2)(B) if he received the credit on a prior sentence, the BOP did not issue the requirement as a regulation and did not provide the opportunity for notice and comment under the APA. Instead, the BOP issued the requirement as a policy statement under PS 5331.01.

Under the APA, "interpretive rules, general policy statements, or rules of agency organization, procedure or practice" are not subject to the notice and comment requirements. 5 U.S.C. § 553(b)(3)(A). Program Statements are similar to interpretive rules and are likewise not subject to the notice and comment requirements of the APA. *Reno v. Koray*, 515 U.S. 50, 61 (1995). To determine whether the APA applies to PS 5331.01, the Court must determine whether PS 5331.01 is properly construed as an interpretive rule which is not subject to the APA requirements, or whether it is actually a legislative or substantive rule that must provide notice and an opportunity to comment. If PS 5331.01 is a legislative rule for APA purposes, it is invalid because the BOP did not submit the rule for notice and comment. If PS 5331.01 is not a legislative rule, the court must then decide whether it is arbitrary or capricious under the APA. *See Shell Offshore Inc. v. Babbitt*, 238 F.3d 622, 626-27 (5th Cir. 2001).

Although the BOP states that PS 5331.01 is a "policy statement," "the label that the particular agency puts on its given exercise of administrative power is not, for our purposes, conclusive; rather, it is what the agency does in fact." *Id*. at 627 (5th Cir. 2001) (*quoting Phillips Petroleum Co.*, 22 F.3d at 619); *Brown Express, Inc. v. United States*, 607 F.2d 695, 700 (5th Cir. 1979) (same).

Interpretive rules "are statements as to what the administrative officer thinks the statute or regulation means." *Shell Offshore Inc*., 238 F.3d at 628. In this case, PS 5331.01 is not

interpreting any statute or regulation. It does not interpret § 3621(e)(2)(B) or any of the rules set out in 28 C.F.R. § 550.58. "It defines no ambiguous term. It gives no officer's opinion about the meaning of the statute or regulations." *Brown Express, Inc.,* 607 F.2d at 700. It is not a "mere clarification." *Phillips Petroleum Co.*, 22 F.3d at 619.

A general policy statement "is merely an announcement to the public of the policy which the agency hopes to implement in future rulemakings or adjudications." *Id*. at 620 (citing *Brown Express, Inc.,* 607 F.2d at 701). Interpretive rules or policy statements are not binding. *Professionals and Patients for Customized Care v. Shalala*, 56 F.3d 592, 601-02 (5th Cir. 1995) (finding FDA policy guide to be a statement of policy because the policy was non-binding and allowed the FDA discretion to conduct individualized inquiries); *Alaska v. United States Dep't of Transp*., 868 F.2d 441, 445-46 (D.C. 1994) (a "general statement of policy" must "genuinely leave[] the agency . . . free to exercise discretion) (*quoting Community Nutrition Institute v. Young*, 818 F.2d 943, 945-46 (D.C. Cir. 1987)).

PS 5331.01 is not a general statement of policy. It does not merely announce a policy which the agency hopes to implement in the future. Instead, PS 5331.01 precludes the BOP from considering an inmate for early release under § 3621(e)(2)(B) if that inmate previously received a time reduction.

The Court concludes PS 5331.01 is a legislative rule. Legislative or substantive rules "affect individual rights and obligations, and create law." *Davidson v. Glickman*, 169 F.3d 996, 999 (5th Cir. 1999) (citations omitted). The Fifth Circuit has stated that a "touchstone of a substantive rule is that it establishes a binding norm." *Professionals and Patients for Customized Care,* 56 F.3d at 596. Rules that remove all discretion from the agency and reduce

7

the agency's role "to that of rote 'determination whether a given case is within the rule's criteria'" have been interpreted as legislative rules. *See Id.* at 599 (*quoting Ryder Truck Lines, Inc. v. United States*, 716 F.2d 1369, 1377 (11th Cir. 1983)).

In this case, PS 5331.01 removes all discretion from BOP officials to consider an inmate for early release under § 3621(e)(2)(B) if that inmate previously received a time reduction. It therefore forecloses an inmate's ability to be considered for a time reduction and obligates the BOP to deny consideration for early release. It establishes a binding norm, removes all discretion from BOP officers, effects an inmate's right to be considered for early release and obligates the BOP to deny such consideration. *See Professionals and Patients for Customized Care*, 56 F.3d at 596; *Davidson*, 169 F.3d at 999.

Although the BOP may promulgate regulations categorically denying certain inmates from the early release provisions of § 3621(e)(2)(B), the BOP must comply with the requirements of the APA. The BOP cannot avoid the requirements of the APA by placing its legislative rules in its program statements.

Petitioner cannot be lawfully affected by PS 5331.01 until the BOP complies with the requirements of the APA. This case should therefore be remanded to the BOP for a consideration as to whether Petitioner should be granted early release under § 3621(e)(2)(B) without regard to the invalid PS 5331.01.

**RECOMMENDATION**

For the foregoing reasons, the undersigned magistrate judge recommends that the District Court find PS 5331.01 INVALID for failure to comply with the notice and comment requirements of the APA. The undersigned magistrate judge further recommends that the petition be REMANDED to the BOP for a determination as to whether Petitioner should be granted early release under § 3621(e)(2)(B) without regard to the invalid PS 5331.01.

SIGNED this 2nd day of October, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).